**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 21-cv-02187-NYW-NRN

HOA DUONG,

     Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

     Defendant.

---

## ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendant State Farm's Partial Motion to Dismiss Amended Complaint (the "Motion" or "Motion to Dismiss") [Doc. 49, filed March 4, 2022]. Upon review of the Motion and the related briefing, the applicable case law, and the entire case file, the Court concludes that oral argument will not materially assist in the resolution of this matter. For the reasons set forth herein, the Motion to Dismiss is respectfully **GRANTED in part** and **DENIED in part**.

## BACKGROUND

The following facts are drawn from the Amended Complaint and Jury Demand (the "Amended Complaint") [Doc. 44] and are presumed true for purposes of the Motion to Dismiss. On February 22, 2017, an unidentified truck driver ("John Doe") spilled debris from his commercial truck onto I-225 in Aurora, Colorado. [Doc. 44 at ¶¶ 8, 11]. While traveling on the highway, Plaintiff Hoa Duong ("Plaintiff" or "Ms. Duong") was "suddenly confronted with the spilled debris on the highway, with no opportunity to avoid striking the debris." [*Id.* at ¶¶ 8, 13]. Ms. Duong alleges that "[a]fter striking the . . . debris, [she] was stopped in the travel lanes of a

busy urban freeway." [*Id.* at ¶ 14]. Another driver, Devon Chierotti, then collided with Ms. Duong's vehicle at a high rate of speed. [*Id.* at ¶ 15]. Ms. Duong has suffered permanent physical injury and physical impairment, disfigurement, emotional distress, loss of enjoyment of life, and mental and physical pain and suffering as a result of the accident. [*Id.* at ¶ 16].

At the time of the collision, Ms. Duong held uninsured motorist ("UM") coverage through her insurer, Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm"). [*Id.* at ¶ 10]. Ms. Duong alleges that she "put . . . State Farm on notice of the potential uninsured motorist . . . claim," but State Farm has "failed to make any payments under her available UM coverage for her injuries or offer an amount sufficient to compensate Plaintiff for [her] injuries." [*Id.* at ¶ 20]. Specifically, Ms. Duong represents that State Farm denied her UM claim on the basis that the debris spilled on I-225 was "not related to the use and operation of a motor vehicle" and that Mr. Chierotti, not John Doe, was at fault for the accident and any resulting injuries. [*Id.* at ¶¶ 34, 36].

On February 3, 2021, Ms. Duong initiated this action against State Farm in the District Court for the City and County of Denver, Colorado, *see* [Doc. 7], and State Farm removed the case to federal court on August 11, 2021. [Doc. 1].[1] Ms. Duong filed the Amended Complaint with leave of court on February 18, 2022. *See* [Doc. 30; Doc. 43; Doc. 44]. The basis for this Court's subject matter jurisdiction is diversity jurisdiction. [Doc. 1 at ¶ 8; Doc. 44 at ¶ 3]. Plaintiff asserts four claims for relief in her operative Amended Complaint: (1) breach of contract ("Claim One"); (2) "bad faith insurance practices," which the Court construes as a common-law bad faith claim[2] ("Claim Two"); (3) a claim for unfair claims settlement practices under Neb. Rev. Stat. §§ 44-

---

[1] This case became removable on July 20, 2021, when Plaintiff voluntarily dismissed two Colorado defendants. *See* [Doc. 1 at ¶ 6].

[2] The Parties do the same. *See* [Doc. 49 at 13; Doc. 53 at 2].

1539 and 44-1540 ("Claim Three"); and (4) a claim for "improper denial of UM claim" under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 ("Claim Four"). [Doc. 44 at 3-8].

State Farm filed the instant Motion to Dismiss on March 4, 2022, seeking dismissal of Ms. Duong's latter three claims. [Doc. 49 at 3]. Within its Motion, State Farm "asks the Court to determine [that] Nebraska law alone governs" those claims. [*Id.*]. Ms. Duong responded to the Motion on April 1, 2022, arguing first that Colorado law—rather than Nebraska law—applies to her bad faith claims, and second, that each of the challenged claims is sufficient to pass muster under Rule 12(b)(6). *See* [Doc. 53]. Ms. Duong represents that she will "voluntarily dismiss her claim under Nebraska law if this Court allows her to continue her statutory bad faith claim under Colorado law." [*Id.* at 12-13]. Defendant has since replied, *see* [Doc. 54], and the matter is thus ripe for disposition.

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the

line from conceivable to plausible."). The Court must ultimately "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

### I. Legal Framework

Before turning to the sufficiency of Ms. Duong's allegations under Rule 12(b)(6), the Court must first address the applicable law and the Parties' choice-of-law arguments. State Farm argues that Nebraska law applies in this case, relying primarily on the choice-of-law provision contained in the Policy. [Doc. 49 at 2]; *see also* [Doc. 49-1 at 2 ("Without regard to choice of law rules, the law of the state of . . . Nebraska will control . . . in the event of any disagreement as to the interpretation and application of any provision in this [P]olicy.")].[3] According to Defendant, "Plaintiff's Second, Third, and Fourth Claims arise not out of the accident itself but instead out of the insurance contract and State Farm's claims handling and its interpretation and application of the subject [P]olicy," and thus, this case "arises from the contract and interpretation thereof." [*Id.* at 5-6]. In the alternative, State Farm asserts that, even if the choice-of-law provision is given no effect, Nebraska law nevertheless applies to Claims Two, Three, and Four because these claims sound in contract and the choice-of-law rules applicable to contract claims dictate that Nebraska law governs here. [*Id.* at 2, 6].

___

[3] "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Here, Ms. Duong references the Policy in her Amended Complaint, [Doc. 44 at ¶ 10], and neither Party disputes the document's authenticity; thus, the Court properly considers the Policy in ruling on the Motion to Dismiss, without conversion to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Ms. Duong disagrees that Nebraska law applies and advocates instead for the application of Colorado law.  *See* [Doc. 53 at 8].  Her argument is two-fold:  first, she asserts that relying on the Policy's Nebraska choice-of-law provision would be contrary to Colorado public policy; second, she argues that her claims arise in tort, not contract, and under the choice-of-law rules applicable to tort claims, Colorado law applies.  [*Id.* at 8-12].

As stated above, this Court's subject matter jurisdiction derives from diversity under 28 U.S.C. § 1332.  Accordingly, this Court is "obligated by the *Erie* doctrine to apply the substantive law of the forum state, [and] federal procedural law."  *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1277 (10th Cir. 2011).  Therefore, as a general matter, this action would be governed by Colorado substantive law.  But when choice of law is an issue, this Court also applies Colorado choice-of-law principles.  *See Telectronics, Inc. v. United Nat'l Ins. Co.*, 796 F. Supp. 1382, 1389 (D. Colo. 1992).  "The choice of law in a given case is not made once for all issues; each issue is to receive separate consideration if it is one that would be resolved differently under the local law rule of two or more of the potentially interested states."  *Flaherty v. Banner Life Ins. Co.*, No. 20-cv-00581-REB-GPG, 2022 WL 1198909, at *1 (D. Colo. Feb. 7, 2022) (citing *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 946 F. Supp. 861, 866 (D. Colo. 1996) (citation omitted)).  However, "[w]hen more than one state's law may be applicable to a claim or issue, a court need not choose which body of law to apply unless there is an outcome determinative conflict between the potentially applicable bodies of law."  *See Sec. Serv. Fed. Credit Union v. First Am. Mortg. Funding, LLC*, 861 F. Supp. 2d 1256, 1264 (D. Colo. 2012) (citing *United Int'l Holdings*, 946 F. Supp. at 866).

## II.    Common Law Bad Faith – Claim Two

### A.    Choice of Law

Applying the legal framework as set forth above, the Court first turns to Claim Two, Plaintiff's common-law bad faith claim.  Defendant contends that the distinction between Nebraska and Colorado substantive law is not outcome-determinative as to the common law bad faith claim. *See* [Doc. 49 at 13-14].  Plaintiff does not respond to this argument, but rather appears focused upon the statutory causes of action.  *See generally* [Doc. 53].

To state a common-law bad faith claim under Colorado law, a plaintiff must allege that (1) the insurer acted unreasonably in the handling of the insured's claim and (2) "the insurer knowingly or recklessly disregarded the validity of the insured's claim." *Butman Fam. Inv. Ltd. P'ship v. Owners Ins. Co.*, No. 19-cv-01638-KLM, 2020 WL 1470801, at *8 (D. Colo. Mar. 25, 2020).  Similarly, under Nebraska law, "a plaintiff must show the absence of a reasonable basis for denying benefits of the insurance policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Ruwe v. Farmers Mut. United Ins. Co.*, 469 N.W.2d 129, 134 (Neb. 1991) (alterations omitted).  In other words, a common-law claim under either Colorado or Nebraska state law contains a subjective element that the insurer acted with knowledge or reckless disregard of the validity of the insured's underlying claim for benefits. *See, e.g.*, *Bruce v. Pac. Specialty Ins. Co.*, No. 15-cv-01323-RM-CBS, 2016 WL 11693598, at *10 (D. Colo. Aug. 15, 2016), *report and recommendation adopted*, 2017 WL 11545237 (D. Colo. Feb. 8, 2017), *aff'd*, 755 F. App'x 731 (10th Cir. 2018).  Because there is no argument that the choice of law is outcome determinative vis-à-vis the common-law bad faith claim, this Court need not engage in a choice-of-law analysis for Claim Two.

**B.      Application of Rule 12(b)(6)**

State Farm argues that Plaintiff's Amended Complaint contains insufficient factual allegations to state a common-law claim.  [Doc. 49 at 13].  Relevant here, State Farm argues that Ms. Duong fails to allege Defendant's knowledge of or reckless disregard for the validity of her insurance claim.  [*Id.* at 14].  Ms. Duong does not argue in her Response that her common-law claim is sufficiently pled; instead, she argues only that she has sufficiently stated a *statutory* claim.  *See* [Doc. 53 at 6-8].

Focusing on the second element, Plaintiff directs the Court to no facts in the Amended Complaint wherein Plaintiff alleges that Defendant knew of or had reckless disregard for its purportedly unreasonable conduct.  *See generally* [*id.*].  Indeed, the Amended Complaint contains no such allegations.  *See* [Doc. 44].  Plaintiff's failure to plead any facts establishing an essential element of her claim renders dismissal of the claim under Rule 12(b)(6) appropriate.  *See Garcia v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-01504-CMA-MEH, 2021 WL 5770229, at *3 (D. Colo. Dec. 6, 2021) (dismissing bad faith claim under Rule 12(b)(6) where the plaintiff failed to allege the defendant's knowledge or reckless disregard of its unreasonableness).  For this reason, the Motion to Dismiss is **GRANTED** with respect to Claim Two, and Claim Two is **DISMISSED without prejudice** for failure to state a claim.[4]

---

[4] "[D]ismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."  *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (internal quotation marks omitted).  Futility of amendment is not an issue presently before the Court; thus, the Court dismisses Claim Two without prejudice.

III.    **Statutory Causes of Action – Claims Three and Four**

A.    **Choice of Law**

While the substantive choice of law is not outcome-determinative as to the common-law

bad faith claim, the applicable state law is outcome determinative as to what statutory violations

may be asserted.  Here, Plaintiff concedes that "Nebraska law has no analogous statute to [Colo.

Rev. Stat. §§ 10-3-1115 and 10-3-1116]."  [Doc. 53 at 9].  In addition, although not expressly

pleaded as such, it appears that Ms. Duong pleads her statutory bad faith claims in the alternative.

*See* [Doc. 53 at 2 ("If this Court does not dismiss Plaintiff's Fourth Claim pled under Colorado

law, Plaintiff intends to voluntarily dismiss her Third Claim.")]; Fed. R. Civ. P. 8(a)(3).

***The Restatement***.  "Colorado follows the Restatement (Second) of Conflict of Laws (1971)

. . . for both contract and tort actions."  *Kipling v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 1306,

1310 (10th Cir. 2014) (citing cases).  Section 6 of the Restatement (Second) of Conflict of Laws

(the "Restatement") establishes that absent a statute setting forth the governing law, courts should

consider the following principles when determining which state's substantive law is applicable in

a given case:  (1) the needs of the interstate and international systems; (2) the relevant policies of

the forum; (3) the relevant policies of other interested states and the relative interests of those states

in the determination of the particular issue; (4) the protection of justified expectations; (5) the basic

policies underlying the particular field of law; (6) certainty, predictability, and uniformity of result;

and (7) ease in the determination and application of the law to be applied.  Restatement § 6(2).

For both contract and tort cases, the Restatement sets forth a "most significant relationship"

test under the principles contained in § 6.  *See* Restatement § 188 (contract claims); Restatement

§ 145 (tort claims); *see also Kipling*, 774 F.3d at 1310-11.  However, the Restatement also provides

that with respect to contract claims, if the subject contract contains a choice-of-law provision,

Case 1:21-cv-02187-NYW-NRN   Document 62   Filed 09/22/22   USDC Colorado   Page 9 of 13


"[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied," unless (a) "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or (b) application of the chosen state's law "would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties." Restatement § 187(2).  At least one court in this District appears to have undertaken an analysis under the Restatement to determine the choice-of-law issue for statutory bad faith claims separate from a common-law breach of contract claim.  *See Flaherty v. Brighthouse Life Ins. Co.*, No. 20-cv-00460-REB-GPG, 2021 WL 7368161, at *4, *11 (D. Colo. Mar. 1, 2021)*, report and recommendation adopted*, 2021 WL 7368167 (D. Colo. Mar. 31, 2021).

***Relationship with the Insurance Contract*.**  Nevertheless, another court in this District has held that "[o]nce it has been determined that the law of a particular state governs the interpretation of an insurance contract, any statutory insurance claims that implicate performance of the contract must also be raised under the law of the controlling state."  *Werden v. Allstate Ins. Co.*, 667 F. Supp. 2d 1238, 1245 (D. Colo. 2009) (citing *Rush v. Travelers Indem. Co.*, 891 F.2d 267, 270 (10th Cir. 1989)).  Other courts within this District have followed this line of reasoning in concluding that the law applicable to a statutory bad faith claim turns on the substantive law applied to the interpretation of the subject insurance contract.  *See, e.g.*, *Williams v. Allstate Prop. & Cas. Ins. Co.*, No. 19-cv-03368-REB-KLM, 2020 WL 9432884, at *3 (D. Colo. Sept. 28, 2020); *NBH Capital Fin. v. Scottsdale Indem. Co.*, No. 19-cv-02153-RMR-MEH, 2022 WL 3597118, at *6 (D. Colo. Mar. 30, 2022).

Here, neither Party expressly addresses what substantive law applies to the remaining Claim One for breach of contract.[5]  *See* [Doc. 49; Doc. 53; Doc. 54].  Nor do the Parties address the *Werden* line of cases, which suggests a different analytical framework for statutory causes of action.[6]  As a result, neither Party attempts to reconcile the two approaches; indeed, the *Flaherty* court appears to incorporate both.  *See Flaherty*, 2021 WL 7368161, at *11.  Even if the Court were simply to frame its analysis under the Restatement as the Parties do, neither Party fully addresses the applicable factors under the Restatement.  *See* [Doc. 49 at 6 (Defendant discussing factors applicable to contract claims, but not tort claims); Doc. 53 at 12 (Plaintiff arguing generally that "the state where the accident occurred and in which the injured party reside[s] has the most significant relationship with [a] bad-faith claim")].

As a result, this Court **DENIES** the remainder of the Motion to Dismiss, reserving the remaining choice-of-law issue for a later time on more robust briefing and/or record.

## IV.   "Unfair Claims Settlement Practices" – Claim Three

Plaintiff asserts Claim Three pursuant to Neb. Rev. Stat. §§ 44-1539 and 44-1540, [Doc. 44 at 6], which comprise portions of the Nebraska Unfair Insurance Claims Settlement Practices Act ("UICSPA").  *Clausen v. Rsrv. Nat'l Ins. Co.*, No. 4:14-cv-3134, 2014 WL 12576234, at *3 (D. Neb. Sept. 25, 2014).  In her Response, Plaintiff represents that she "will voluntary dismiss her claim under Nebraska law if this Court allows her to continue her statutory bad faith claim

---

[5] Based on Defendant's argument in the Motion to Dismiss and in its Motion for Summary Judgment [Doc. 61], State Farm contends that the contract should be interpreted under Nebraska law, but it is unclear whether Plaintiff disputes that position.

[6] State Farm argues for the first time in its Reply that "[t]ort conflict of laws principles do not apply to statutory remedies."  [Doc. 54 at 5].  However, State Farm cites no legal authority in support of this argument and does not substantively develop this argument, instead distinguishing the cases cited by Plaintiff.  *See* [*id.* at 5-6].

under Colorado law." [Doc. 53 at 12-13]. As discussed above, this Court reserves that issue for a later time.

While not raised by Defendant, the Court notes that courts within the District of Nebraska have held that the statutes that form the basis of Claim Four do not create a private cause of action. *See Clausen*, 2014 WL 12576234, at *4 ("There is no indication in the UICSPA that the Nebraska Legislature intended to create a private right of action. To the contrary, it appears the Act was intended only to empower the Director of Insurance to take corrective action when insurers flagrantly or repeatedly engage in misconduct (as defined in statute or regulation) while investigating and making disposition of claims."); *accord McShane Constr. Co. LLC v. Gotham Ins. Co.*, No. 8:14-cv-419, 2016 WL 2764730, at *3 (D. Neb. Mar. 29, 2016), *aff'd*, 867 F.3d 923 (8th Cir. 2017). In *McShane*, the Eighth Circuit affirmed the dismissal of a claim purportedly arising under Nebraska's UICSPA because it did not "rest[] upon a private right of action and thus, [failed] to state a claim upon which relief can be granted." *McShane*, 867 F.3d at 928. Ms. Duong's Claim Three is arguably subject to dismissal under this Eighth Circuit precedent.

Accordingly, on or before **October 6, 2022**, Plaintiff shall **SHOW CAUSE**, in writing, why Claim Three should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## V.    Leave to Amend

In her Response to the Motion to Dismiss, Ms. Duong states that "if the Court finds that Plaintiff's common law and statutory bad faith claims are insufficiently pled, Plaintiff requests leave to file an amended complaint to fix those insufficiencies." [Doc. 53 at 13]. "A district court may deny leave to amend when 'a plaintiff fails to file a written motion and instead 'merely suggests she should be allowed to amend if the court concludes her pleadings are infirm.'"

*Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) (quoting *Warnick*, 895 F.3d at 755); *see also Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (district courts are not required "to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists."). Moreover, under the Local Rules of Practice for this District, "[a] motion shall not be included in a response or reply to the original motion" and must instead "be filed as a separate document." D.C.COLO.LCivR 7.1(d). The Court declines to grant leave to amend absent a procedurally proper formal motion that addresses the applicable standards under Rules 15 and 16 of the Federal Rules of Civil Procedure.[7] In addition, before Plaintiff seeks leave to amend, this Court directs her to consider the arguments made in Defendant's Motion for Summary Judgment, [Doc. 61], and to confer with Defendant as to any proposed amendments, as this Court does not contemplate reopening discovery in any fashion at this time.

---

[7] When a party requests leave to amend after the deadline to join parties and amend pleadings, the party must establish good cause to amend the Scheduling Order under Rule 16(b)(4). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1242 (10th Cir. 2014).

## CONCLUSION

For the reasons stated herein, it is hereby **ORDERED** that:

(1)     Defendant State Farm's Partial Motion to Dismiss Amended Complaint) [Doc. 49]

is **GRANTED in part** and **DENIED in part** as set forth in this Order;

(2)     Plaintiff's Claim Two is **DISMISSED without prejudice** under Rule 12(b)(6); and

(3)     On or before **October 6, 2022**, Plaintiff shall **SHOW CAUSE** as to why Claim

Three should not be dismissed under Rule 12(b)(6).

DATED:  September 22, 2022                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge